IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BROADCAST MUSIC, INC., et al.,**<br><br>    v.<br><br>**CROCODILE ROCK CORPORATION, et al.** | **CIVIL ACTION**<br><br><br>**NO. 12-4945** |

**Baylson, J.**                                                                                                      **June 25, 2014**

## MEMORANDUM

This is a copyright infringement case that has a thorny procedural history. Plaintiffs filed their Complaint on August 8, 2012 (ECF 1). Affidavits of service as to Defendants Susan Clark, Melissa Sterner, and Crocodile Rock Corporation were executed and filed on October 4, 2012 (ECF 5, 6). Defendants did not file an answer. A request for default of Defendants was filed by Plaintiffs on December 4, 2012 (ECF 7). Defaults were entered on January 8, 2013. On January 11, 2013, Plaintiffs moved for default judgment against Defendants (ECF 11). The Court entered an Order for a hearing on Plaintiffs' Motion for Default Judgment to take place on April 18, 2013 (ECF 14). The hearing was then continued to May 15, 2013. Plaintiffs then filed disclosure statements (ECF 18, 19). On April 22, 2013, the Court entered an Order requiring the Defendants to file a motion to open the default or seek other relief before they could file an answer (ECF 22). Such a motion was filed as of May 15, 2013, the same date as the hearing (ECF 23). On the same date, the Court entered an Order allowing Defendants to supplement their motion to vacate judgment (ECF 24). On May 24, 2013, Defendants filed additional papers. Again, on May 24, 2013 and subsequently on August 1, 2013, pursuant to Court Orders, Defendants were allowed to file supplemental papers. The Court granted Defendants' Motion to

1

Vacate the Default as to Susan Clark, but denied the Motion as to Crocodile Rock and Melissa Sterner, because Susan Clark had not been properly served. The Court also denied Plaintiffs' Motion for Default Judgment as to all Defendants without prejudice and ordered discovery (ECF 39). Susan Clark filed an Answer to the Complaint on September 5, 2013 (ECF 41).

On November 20, 2013, Plaintiffs sent Defendants various discovery requests, including a Request for Admissions. Responses to that request were due on December 23, 2013. Defendants filed their answers to the request on January 6 and January 13, 2014. Under Federal Rule of Civil Procedure 36(a)(3), Plaintiffs' Request was deemed admitted as to all Defendants. Defendants moved to withdraw the deemed admissions on January 17, 2014 (ECF 48).

Meanwhile, on November 1, 2013, Plaintiffs filed a Motion to Amend the Complaint to add Joseph Clark as a Defendant (ECF 47). The Court granted that Motion (ECF 49). An Amended Complaint reflecting this addition was then filed (ECF 50). Joseph Clark did not answer the Amended Complaint. In fact, no Defendant ever answered the Amended Complaint. On April 11, 2014, a default was entered against Joseph Clark for failure to appear, plead, or otherwise defend.

After a hearing held on April 23, 2014, the Court denied Susan Clark's Motion to Withdraw Deemed Admissions, deferred ruling on Melissa Sterner's Motion to Withdraw, and scheduled deadlines for summary judgment motions (ECF 62). On April 28, 2014, Plaintiffs voluntarily dismissed Melissa Sterner from the case (ECF 65). On May 8, 2014, counsel for Defendants, Erv McLain, filed Motions to Withdraw as Attorney for the remaining Defendants (ECF 68, 69). On May 15, 2014, Plaintiffs filed a Motion for Summary Judgment against Susan Clark (ECF 70), and Motions for Default Judgment against Crocodile Rock and Joseph Clark (ECF 71, 72).

After holding a hearing on May 30, 2014, the Court granted attorney Erv McLain's Motions to Withdraw.  The Court also reiterated that Crocodile Rock had a default entered against it—this time because Crocodile Rock failed to retain counsel, which as a corporation it is required to have (ECF 78).  On June 20, 2014, Defendants—represented by new counsel—filed Motions to Vacate the Default Judgment against Crocodile Rock and Joseph Clark (ECF 85, 86), as well as a Motion to File an Answer to the Amended Complaint Out of Time (ECF 87). These Motions are not supported by any affidavits or other showing why the default should be vacated, or that Defendants have meritorious defenses to the Amended Complaint.

Defendants also filed untimely responses to Plaintiffs' Motions for Default Judgment and Summary Judgment (ECF 88-90).

On June 23, 2014, the Court held a hearing on Plaintiffs' Motions for Default Judgment. At the hearing, Plaintiffs made a showing of damages, requesting $35,000 in statutory damages for the five acts of infringement alleged in the Amended Complaint.  *See* 17 U.S.C. § 504(c)(1) (stating that a court, acting within its discretion, may award between $750 to $30,000 for each work that is infringed).  Plaintiffs also requested attorney's fees and costs pursuant to 17 U.S.C. § 505 in the amount of $67,328.00.

Defendants' Motions to Set Aside Default are denied.  A district court considers the following factors when exercising its discretion to set aside a default: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  Defendants have not established a meritorious defense; setting aside the default would therefore be pointless.  *See id.* (refusing to set aside default where the defendant could not demonstrate a possibility of winning at trial).

Defendants' Motion to File an Answer to the Amended Complaint Out of Time is also denied as untimely. The Amended Complaint was filed on January 1, 2014. Notwithstanding circumstances not relevant here, a defendant must serve an answer within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). It is June. Defendants are far too late. Plaintiffs' Motion for Summary Judgment with regard to Defendant Susan Clark is also granted. Plaintiffs filed their Motion for Summary Judgment on May 15, 2014. Susan Clark had fourteen days to respond to the Motion but did not file a response until June 21, 2014—36 days later. This delay is yet another example of Defendants' continuous disregard of the Federal Rules of Civil Procedure. The Court will not consider Susan Clark's response and therefore regards Plaintiffs' Motion for Summary Judgment as unopposed.

The record of this case, particularly the admission of Defendants and their counsel at several hearings held in open court, shows that Defendants have consistently ignored their obligations under the Federal Rules of Civil Procedure and have never disputed Plaintiff's factual allegations of infringement.

Plaintiffs' Motion for Summary Judgment is superfluous under the procedural history; Plaintiffs are entitled to a Default Judgment. The damages requested by Plaintiffs are within the statutory limits for copyright violations, and the request for attorneys' fees is reasonable in all respects.

An appropriate Order follows.

O:\CIVIL 12\12-4945 broadcast v. crocodile\12cv4945.Memo.Default Judgment.docx