IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC., et al.,<br><br>v.<br><br>CROCODILE ROCK CORPORATION, et al. | CIVIL ACTION<br><br><br><br>NO. 12-4945 |

MEMORANDUM AND ORDER

Baylson, J.                                                                                                            August 12, 2014

The procedural history of this case is set out in detail in the Court's Memorandum dated June 25, 2014. ECF 92. Defendants filed a Motion for Reconsideration and for Amendment of Judgment, ECF 95, with regards to the Court's Memorandum dated June 25, 2014, ECF 92, and accompanying orders, ECF 93 and 94. For the reasons discussed below, the Motion is denied.

I.     **Motion for Reconsideration and Amendment of Judgment**

Defendants do not indicate whether they are moving for reconsideration under Federal Rule of Civil Procedure 59(e) or under 60(b).

> Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. Rule 60(b) provides six bases for reconsideration, including mistake, inadvertence, surprise, or excusable neglect . . . . A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error.

*United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (internal quotation marks and citations omitted). The Court will treat the Motion as if the Defendants moved under both rules.

A court may grant a motion for consideration under Rule 59(e) if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must persuade the court not only that its prior decision was wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 720-21 (3d. Cir. 1998). Based on the content of Defendants' Memorandum in support of its Motion, the Court will treat the Motion as if it is based on grounds (2) and (3).

Under Federal Rule of Civil Procedure 60(b) a party may seek relief from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Defendants do not indicate on what ground they base their Rule 60(b) motion. However, based on the Motion's reference to *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993)—which discusses excusable neglect under Rule 60(b)—and Defendants' submission of new evidence, the Court will treat the Motion as if it is based on grounds (1) and (2).

**II.     Discussion**

The Court rejects Defendants arguments based on the new evidence attached as exhibits to its Motion.  As the Defendants concede, these documents were available when the court issued its order.  *See* Memo of Law in Support of Motion for Reconsideration and For Amendment of Judgment, ECF 96 at 4 ("All the items referred to in this memo were available to prior counsel, who did not even make an attempt to use them.").  These exhibits therefore are not proper grounds for reconsideration under Rule 59(e) or Rule 60(b).  *See Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("We have made clear that 'new evidence,' for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling.  Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.") (internal quotation marks and alterations omitted).  Accordingly, this new evidence will not be considered.

It appears that Defendants attached these exhibits to emphasize their arguments regarding manifest injustice and excusable neglect, rather than to support a newly discovered evidence ground.  Their Motion contends that this evidence was available to their prior counsel and he failed to present it to the Court.  They contend further that this evidence shows that they have a meritorious defense to Plaintiffs claims and that, according to the Supreme Court's ruling in *Pioneer*, "the sins of the lawyer should not be visited upon the client.," ECF 95 at 4.

*Pioneer* clarified the standard for "excusable neglect" under Bankruptcy Rule 9006(b)(1).  507 U.S. at 388-97.  Although *Pioneer* involved a bankruptcy rule, that opinion drew a close analogy to Federal Rule of Civil Procedure 60(b).  The Third Circuit has held that *Pioneer*'s construction apples in the Rule 60(b) context.  *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004).

*Pioneer*, however, does not aid Defendants' cause.  Although Defendants attempt to conflate *Pioneer*'s discussion of excusable neglect with the "professional neglect" allegedly committed by Defendants' prior counsel, s*ee* ECF 96, *Pioneer* does not excuse Defendants from the consequences of their prior counsel's alleged actions.  *See* 507 U.S. at 396 ("[W]e have held that clients must be held accountable for the acts and omissions of their attorneys."); *id.* (noting that there is "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626 at 633-34)).  *Pioneer* expressly observed that the petitioner

> voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or ommissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Id.* at 397 (internal quotation marks and citations omitted).

Accordingly, in so far as Defendants regard *Pioneer* as a shield for clients against the actions of their counsel, they are mistaken.

Perhaps even more importantly, Defendants assert that their prior counsel was entirely to blame for the handling of their case, but their Motion supports this assertion by claiming that prior counsel should have presented and argued the exhibits attached to the Motion.  By contrast, at a hearing held on May 30, 2014, Defendants' prior counsel stated on the record that he sought to withdraw from representing Defendants because they would not respond to his repeated requests to discuss the case, failed to pay for his services, and were otherwise uncooperative.  At that same hearing, Defendant Joseph Clark testified that he never had time to reach out to prior counsel about disagreements about representation.  He also testified that he never received notice of the complaint.  Yet, when presented with the proof of service with his signature, Defendant

Joseph Clark stated that it either was not his signature or that he did not remember signing it because, in Defendant Joseph Clark's own words, "I sign stuff without looking at it. I do, I'm very busy." ECF 81 at 15. It was on this and similar testimony that prompted the Court to permit Defendants' prior counsel to withdraw from the case. ECF 78. The conduct of Defendants' prior counsel, as evidenced in the record, does not support a claim for manifest injustice or excusable neglect.

### III. Conclusion

Defendants have failed to produce any new evidence that was not available at the time the Court filed its Memorandum and orders. ECF 92, 93, 94. Defendants have also failed to demonstrate that the conduct of their prior counsel in any way relates to Defendants suffering a manifest injustice. Accordingly, Defendants Motion is **DENIED**.

BY THE COURT:

/s/ Michael M. Baylson

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 12\12-4945 broadcast v. crocodile\Memo and Order re Mot for Recon 8.12.docx